IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GRANGE INDEMNITY INSURANCE COMPANY,** | : | No. 3:23cv345 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **CONCRETE PRODUCTION TECHNOLOGIES, INC. D/B/A CONCRETE PRODUCTION TECHNOLOGIES and JAMES ERIC SCHALL,** | : | |
| **Defendants** | : | |

............................................................................................................

## MEMORANDUM

Before the court for disposition are several motions in this insurance declaratory judgment action. Plaintiff Grange Indemnity Insurance Company (hereinafter "plaintiff" or "Grange") has filed a motion for judgment on the pleadings, and Ryan Walkowiak, Executor of the Estate of Louis Walkowiak, has filed a motion to intervene. The parties have briefed their positions and the motions are ripe for adjudication.

**Background**

This lawsuit arises from an automobile accident involving a concrete truck allegedly owned by Defendant Concrete Production Technologies, Inc. d/b/a Concrete Production Technologies (hereinafter "CPT") and a Toyota Tacoma

driven by Louis Walkowiak. (Doc. 12-1, Am. Compl. Ex. D ¶¶ 28-29, 31). Walkowiak was killed in the accident. (Id. ¶ 34). According to a complaint filed in the Luzerne County Pennsylvania Court of Common Pleas, the accident resulted from the negligence, carelessness and recklessness of the truck's driver, Defendant CPT, Shawnee Trucking, Inc., and Shawnee Ready-Mix Concrete and Asphalt Co. (Id. ¶ 37).[1] Defendant James Eric Schall is the owner of Defendant CPT. (Doc. 1-6, Def. Ex. E ¶ 17). In the state court case, the Estate of Louis Walkowiak seeks to recover from these defendants and raises a claim for wrongful death as well as related causes of action. (See generally, Doc. 12-1, Def. Ex. D). A second case was filed in the Luzerne County Court of Common Pleas raising similar issues. (Doc. 1-6, Def. Ex. E).[2]

Plaintiff Grange insured CPT under a commercial insurance policy, Policy No. XA 2821581-00 ("the policy"). (Doc. 12, Am. Compl. ¶ 1). Defendant CPT presented a claim to Plaintiff Grange requesting defense and indemnification for the underlying state court action. (Doc. 12, ¶ 18). Plaintiff subsequently sent CPT a reservation of rights letter stating in part:

> Grange will be providing a defense under a Reservation of Rights. Any investigation, defense, or settlement negotiations conducted

---

[1] Shawnee Trucking changed its name to Concrete Production Technologies, Inc. in September of 2020 (Doc. 12-1, ¶ 6). CPT subsumed Shawnee Trucking. (Id. ¶ 9).

[2] The reason for filing a second case with same plaintiff and generally the same defendants as the first case and raising the same issues is unclear.

2

during this lawsuit does not waive or estop Grange from subsequently denying the duty to defend.

(Id. ¶ 19).

Plaintiff Grange's position, however, is that the vehicle involved in the accident was not a covered auto under the terms of the policy and therefore no commercial auto liability coverage is available to CPT. (Id. ¶ 20). Plaintiff filed the instant declaratory judgment seeking a declaration that any claims for a defense of CPT and indemnity for CPT related to the underlying state court actions are not covered by the policy. (Id. ¶ 2).

Plaintiff Grange filed the instant case on February 27, 2023. (Doc. 1). Defendants filed a motion to dismiss the original complaint on April 12, 2023. (Doc. 9). In response, plaintiff filed an amended complaint on the same day. (Doc. 12).[3] After defendants answered the amended complaint, plaintiff filed the instant motion for judgment on the pleadings, (Doc. 16), which has been fully briefed.

On September 15, 2023, the plaintiff in the underlying state court actions, Ryan Walkowiak, Executor of the Estate of Louis Walkowiak, filed a motion to

---

[3] The court will deny the motion to dismiss the original complaint as moot.

intervene as a defendant in this action pursuant to Federal Rule of Civil Procedure 24(a)(2). (Doc. 20). This motion has also been fully briefed.[4]

**Jurisdiction**

This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201.[5] Jurisdiction is predicated upon diversity of citizenship pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Grange is an insurance company incorporated in the State of Ohio, with its principal place of business in Columbus, Ohio. Plaintiff is thus a citizen of Ohio. (Doc. 12, ¶ 4). Defendant CPT is incorporated in the Commonwealth of Pennsylvania with its principal place of business in Kingston, Pennsylvania. (Id. ¶ 5). Defendant James Eric Schall is an individual who is a citizen of Pennsylvania. (Id. ¶ 6). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 8). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

---

[4] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

[5] The Declaratory Judgment Act provides as follows:
> In a case of actual controversy within its jurisdiction, [with certain exceptions] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

4

**Discussion**

As noted above, two motions are at issue, a motion for judgment on the pleadings and a motion to intervene. The court will address each separately beginning with the motion for judgment on the pleadings.

**I. Plaintiff's Motion for Judgment on the Pleadings**

**Legal Standard**

Plaintiff Grange has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rule of Civil Procedure, which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Under Rule 12(c), the trial court must view the facts in the pleadings in the light most favorable to the non-moving party, here the defendant. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). The court will grant the motion only if the moving party establishes that no material issues of fact remain and that it is entitled to judgment as a matter of law. Id. "[I]n deciding a motion for judgment on the pleadings, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Wolfington v. Reconstructive

Orthopaedic Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019)(citation and internal quotation marks omitted).

**Discussion**

Plaintiff Grange's position is that the defendants' answer to the complaint admitted facts which, when viewed together, reveal that judgment in plaintiff's favor is appropriate. Plaintiff asserts that defendants admit to all of the following facts alleged in the plaintiff's complaint:

1. CPT was the only named insured under the insurance policy at issue.

2. The insurance policy provides coverage only for those autos shown as covered autos, which are "Specifically Described Autos."

3. The concrete truck referenced in the state court lawsuit was the 2005 concrete truck with VIN number 1M2B209C45M030680.

4. This truck is not listed in the Policy's Schedule of Covered Autos.

5. The Concrete Truck was neither a Specifically Described Auto nor a newly acquired auto for which coverage was requested by CPT.

6. The Policy defines an "insured" as: CPT for any covered auto, anyone else using a covered auto with CPT's permission, or anyone liable for the conduct of an "insured" in the first two instances.

7. Defendant James Eric Schall, owner of CPT, testified that the driver of the concrete truck at the time of the accident was not driving the concrete truck for CPT, and that Schall does not own a concrete truck.

8. CPT is not an "insured" under the policy with respect to the underlying actions.

9. Schall is not an insured under the policy with respect to the underlying actions.

(Doc. 17, Pl.'s Supp. Br. at ECF 7-8).

Plaintiff Grange argues that because defendants admit that the vehicle involved in the accident was not a covered auto under the policy and neither CPT nor Schall qualify as "insured" under the policy, then plaintiff has no duty to defend or indemnify the defendants in the underlying action and judgement on the pleadings in plaintiff's favor is appropriate.  After a careful review, the court disagrees.

Crucial to Plaintiff Grange's argument is that defendants admitted to all of the facts set forth above.  Defendants' answer to the complaint, however, does not unambiguously agree to all of the allegations that plaintiff claims it does.  The defendants made the following answer to most of the allegations: "Admitted in part; denied in part.  It is admitted that the Amended Complaint correctly states a portion of the policy of insurance.  To the extent the quotation is only a portion of the policy of insurance and the policy of insurance is a document which speaks for itself, the averments are denied." (Doc. 15, Ans.)  Defendants' answer to the complaint also states:  "The Complaint and the Amended Complaint contain two different versions of the insurance policy.  Defendants seek strict proof from Plaintiff as to the accuracy of the policy of insurance on which judgment is being sought." (Doc. 15, Ans. ¶ 81).

Thus, it appears that the defendants do not make all the admissions that Plaintiff Grange claims, and they also point out an ambiguity with regard to two different versions of the policy being at issue. Moreover, defendants argue that despite the policy language, it is the reasonable expectations of the insured which govern as to the coverage and it is too early in the proceedings to determine the reasonable expectations of the parties.

Pennsylvania law provides as follows: "When interpreting a policy of insurance, we employ an analysis which, while derived from the law of contracts, recognizes that most insurance transactions are not freely bargained between equals but are largely adhesive in nature." Bishops, Inc. v. Penn Nat'l Ins., 984 A.2d 982, 989 (Pa. Super. Ct. 2009).

> [O]ur Courts have observed on multiple occasions that " 'normal' contract principles do not apply to insurance transactions." Drelles v. Mfr's. Life Ins. Co., 881 A.2d 822, 836 (Pa.Super.2005). See also Pressley v. Travelers Prop. Cas. Corp., 817 A.2d 1131, 1139 (Pa.Super.2003) (quoting Collister v. Nationwide Life Ins. Co., 479 Pa. 579, 388 A.2d 1346, 1351 (1978)) ("Contrary to Travelers' contention, 'normal contract principals [a]re no longer applicable in insurance transactions.' ").
>
> Rather, "[t]he proper focus regarding issues of coverage under insurance contracts is the reasonable expectation of the insured." Bubis v. Prudential Prop. & Cas. Ins. Co., 718 A.2d 1270, 1272 (Pa. Super. 1998) (quoting Frain v. Keystone Ins. Co., 433 Pa. Super. 462, 640 A.2d 1352 (1994)). [Moreover,] a court's focus upon the insured's "reasonable expectations" is not limited only to situations in which the insurance contract might be deemed ambiguous, see Pressley, 817 A.2d at 1140. In fact, our decisions have affirmed that "regardless of the ambiguity, or lack thereof, inherent in a given set of insurance

> documents" insurance transactions ... are subject to a review of the totality of the underlying circumstances, Pressley, 817 A.2d at 1139 (quoting Tonkovic v. State Farm Mut. Auto. Ins. Co., 513 Pa. 445, 521 A.2d 920, 926 (1987)). Although the parties' reasonable expectations remain "best evidenced by the language of the insurance policy[,]" Allstate Ins. Co. v. McGovern, 2008 WL 2120722, at *2 (E.D.Pa. May 20, 2008), a court's decision to look beyond the policy *991 language is not erroneous under all circumstances, see Pressley, 817 A.2d at 1139.

Id. at 990 (quoting Betz v. Erie Ins. Exchange, 957 A.2d 1244, 1252-53 (Pa. Super. Ct. 2008).

Here, the complaint and the answer thereto do not reveal the totality of the underlying circumstances regarding the insurance policy at issue. As such, and as defendants point out, this issue may be better addressed at the summary judgment stage or at trial, after the parties have engaged in discovery and there is evidence in the record of the parties intentions for the court to review.

Accordingly, for the reasons set forth above – the defendants have not admitted all of the facts alleged by the complaint and the reasonable expectation of the insured may be different from the literal words of the insurance policy - the plaintiff's motion for judgment on the pleadings will be denied.[6]

---

[6] Plaintiff Grange argues that the reasonable expectations of the insured is inapplicable because it only applies when an individual, not a corporation, is the insured. The court will reserve an analysis of this issue at this time as sufficient other reasons justify denying the plaintiff's motion.

9

## II. Motion to Intervene

The second matter at issue is Ryan Walkowiak, as Executor of the Estate of Louis Walkowiak's motion to intervene as a defendant in this case pursuant to Federal Rule of Civil Procedure 24(a)(2). The defendants have not filed any opposition to the motion to intervene. The plaintiff, however, does oppose the motion. After a careful review, the motion will be denied.

Rule 24 provides, in relevant part:

> (a) **Intervention of Right.** On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2).

A litigant who seeks leave to intervene as of right under this rule must establish the following four elements:

> 1) a timely application for leave to intervene;
>
> 2) a sufficient interest in the underlying litigation;
>
> 3) a threat that the disposition of the underlying action will impair or affect that interest; and
>
> 4) the existing parties to the lawsuit do not adequately represent the prospective intervenor's interests.

Liberty Mutual Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005).

The court will address only one of these elements as it is dispositive. That element is whether the proposed intervenor has a sufficient interest in the action, as it is dispositive. The Defendant-Intervenor alleges that a denial of coverage in this action would directly reduce the total amount of recovery available for the Estate in the state court causes of action. As such, the Defendant-Intervenor asserts that it has a sufficient interest in this litigation so as to intervene.

With regard to the interest necessary to intervene under Rule 24(a), the law provides as follows:

> While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some general guidelines have emerged.... [A]n intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors.... In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.... While a mere economic interest may be insufficient to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund. Thus, when a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit.

Treesdale, 419 F.3d at 220-21 (quoting Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995) (citations omitted)).

Treesdale is similar to the instant case. In Treesdale, an insurance company brought a declaratory judgment action in the United States District Court involving whether it had a duty to indemnify and defend its insured in separate tort actions where it had already paid for the defense and $5,000,000 had been paid under certain insurance policies. Id. at 218-19. The plaintiffs in the underlying court actions sought to intervene in the federal declaratory judgment action. They argued that insurance in excess of $25 million dollars was available for the plaintiffs in the underlying action. Id. at 219.

The Third Circuit held that the plaintiffs in the underlying actions did not have a sufficient interest to permit intervention as a matter of right. Id. at 227. The plaintiffs did not have a legally protectible interest in the insurance policies, and the potential impact of the declaratory action on the plaintiffs' ability to collect a judgment in the underlying actions was insufficient to support intervention as a matter of right. Id. at 222.

Here, the situation is the same as in Treesdale. The proposed intervenor seeks to protect a monetary interest, specifically, the amount of recovery that will be available for the plaintiffs in the underlying state court lawsuits. Under Treesdale, this interest is not sufficient interest to justify intervention, and the

motion to intervene will be denied without an examination of the remaining factors.[7]

**Conclusion**

For the reasons set forth above, Plaintiff Grange Indemnity Insurance Company's motion for judgment on the pleadings will be denied. The motion to intervene filed by Ryan Walkowiak, Executor of the Estate of Louis Walkowiak will be denied. An appropriate order follows.

Date: 9/26/24

JUDGE JULIA K. MUNLEY
United States District Court

---

[7] Notably, the proposed intervenors cite to no caselaw which addresses this issue or calls into doubt the holding in Treesdale. (See Doc. 21, Supp. Br. of Def.-Intervenor).